1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DONALD GRANDBERRY,                        No.  2:16-cv-1549-JAM-EFB P

12              Plaintiff,

13        v.                                   ORDER GRANTING IFP AND
                                               RECOMMENDATION OF DISMISSAL
14   CALIFORNIA CORRECTIONAL                   PURSUANT TO 28 U.S.C. § 1915A
     HEALTH CARE SERVICES, et al.,
15
                Defendants.
16

17

18         Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

19   U.S.C. § 1983.  He has filed an application for leave to proceed in forma pauperis.

20   **I.      Request to Proceed In Forma Pauperis**

21      Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

22   Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect

23   and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C.

24   § 1915(b)(1) and (2).

25   **II.     Screening Requirement and Standards**

26         Federal courts must engage in a preliminary screening of cases in which prisoners seek

27   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

28   § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**III.    Screening Order**

The court has reviewed plaintiff's complaint (ECF No. 1) pursuant to § 1915A and finds it must be dismissed. The complaint alleges that the California Correctional Health Care Services ("CCHCS") and the California Department of Corrections and Rehabilitation ("CDCR") breached the confidentiality of plaintiff's personal information and medical records when an unencrypted

laptop was stolen from the vehicle of a CCHCS employee.  Plaintiff alleges he is now exposed to

identity theft as a result of defendants' negligence.   Attached to the complaint is a letter from

CCHCS notifying plaintiff of this "potential breach."  ECF No. 1, Ex. A.  The letter noted that the

laptop was password protected, and informed plaintiff as follows:

> We do not know if any sensitive information was contained in the
> laptop.  To the extent any sensitive information may have been
> contained in the laptop, we do not know if the information included
> any of your information.  If your information was included, the
> nature of the information may have included confidential medical,
> mental health, and custodial information.   To the extent any
> sensitive information may have been contained in the laptop, we
> estimate that it would have been limited to information related to
> your custody and care, if any, between 1996 and 2014.

*Id.*  Plaintiff asserts a Fourth Amendment claim and various state law claims.   He seeks damages

as relief.  As set forth below, the complaint demonstrates a lack of standing, names defendants

who are immune from suit, and otherwise fails to state a cognizable claim under the applicable

standards.

First, plaintiff is required to establish standing for each claim he asserts.  *DaimlerChrysler*

*Corp. v. Cuno*, 547 U.S. 332, 352 (2006).  If a plaintiff has no standing, the court has no subject

matter jurisdiction.  *Nat'l Wildlife Fed'n v. Adams*, 629 F.2d 587, 593 n. 11 (9th Cir. 1980).

There are three requirements that must be met for a plaintiff to have standing: (1) the plaintiff

must have suffered an "injury in fact"—an invasion of a legally protected interest which is both

concrete and particularized and actual or imminent; (2) there must be a causal connection

between the injury and the conduct complained of; and (3) it must be likely that the injury will be

redressed by a favorable decision.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992);

*Wash. Legal Found. v. Legal Found. of Wash.*, 271 F.3d 835, 847 (9th Cir. 2001) (en banc).

The constitutional right to informational privacy extends to medical information.

*Norman-Bloodsaw v. Lawrence Berkeley Lab.*, 135 F.3d 1260, 1269 (9th Cir. 1998) ("The

constitutionally protected privacy interest in avoiding disclosure of personal matters clearly

encompasses medical information and its confidentiality.") (citing *Doe v. Attorney Gen. of the*

*United States*, 941 F.2d 780, 795 (9th Cir. 1991)).   In this case, however, the disclosure of

3

1  plaintiff's medical information, and therefore any injury, is entirely speculative.  Plaintiff has not

2  shown he has actual standing to sue because the complaint and the referenced letter demonstrate

3  only a "potential" breach of plaintiff's personal information.   It is unknown whether the stolen

4  laptop contained any sensitive information at all and even if it did, plaintiff alleges no actual

5  misuse of such information.  Plaintiff cannot state a claim for relief based upon the speculative

6  breach of his sensitive information.  Any claim for violation of his constitutional right to

7  informational privacy should be dismissed without prejudice for lack of standing.  *See Fleck &*

8  *Assocs., Inc. v. City of Phoenix*, 471 F.3d 1100, 1106-07 (9th Cir. 2006) (dismissal for lack of

9  standing is without prejudice).

10  Second, state agencies, such as CDCR and CCHCS, are immune from suit under the

11  Eleventh Amendment.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Lucas*

12  *v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (holding that prisoner's Eighth

13  Amendment claims against CDCR for damages and injunctive relief were barred by Eleventh

14  Amendment immunity);  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)

15  (Eleventh Amendment immunity extends to state agencies); *see also Hafer v. Melo*, 502 U.S. 21,

16  30 (1991) (clarifying that Eleventh Amendment does not bar suits against state officials sued in

17  their individual capacities, nor does it bar suits for prospective injunctive relief against state

18  officials sued in their official capacities).

19  Third, plaintiff does not allege that any individual defendant is liable for any

20  constitutional violation. To state a claim under § 1983, a plaintiff must allege: (1) the violation of

21  a federal constitutional or statutory right; and (2) that the violation was committed by a person

22  acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*,

23  297 F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim

24  unless the facts establish the defendant's personal involvement in the constitutional deprivation or

25  a causal connection between the defendant's wrongful conduct and the alleged constitutional

26  deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d

27  740, 743-44 (9th Cir. 1978).   Plaintiff may not sue any official on the theory that the official is

28  liable for the unconstitutional conduct of his or her subordinates.  *Ashcroft v. Iqbal*, 556 U.S. 662,

4

679 (2009).  He must identify the particular person or persons who violated his rights.  He must also plead facts showing how that particular person was involved in the alleged violation.

Fourth, the complaint fails to state a claim for violation of the Fourth Amendment, which governs the reasonableness of government searches and seizures.  Here, no government search or seizure is alleged.  Instead, plaintiff claims that due to the government's negligence, his personal information was stolen.  Negligence, however, does not amount to a violation of a federal constitutional or statutory right.  *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Doe v. Beard*, EDCV 13-02262 DDP, 2014 U.S. Dist. LEXIS 95643, at *16-18 (C.D. Cal. July 14, 2014) (analyzing claim based on negligent disclosure of medical records under Fourteenth Amendment due process standards and determining that allegations were not sufficient to state a claim); *Davidson v. Cannon*, 474 U.S. 344, 347 (1986) ("[T]he Due Process Clause of the Fourteenth Amendment is not implicated by the lack of due care of an official causing unintended injury to life, liberty or property. In other words, where a government official is merely negligent in causing the injury, no procedure for compensation is constitutionally required.").

As set forth above, the complaint demonstrates that plaintiff has no standing to pursue his federal claim and otherwise fails to demonstrate a violation of plaintiff's federal rights.  As such, the court declines to address plaintiff's purported state law claims.  *See* 28 U.S.C. § 1367.

Leave to amend in this case would be futile, as the complaint and its attachments reveal that there is no actual or concrete injury to plaintiff.  Because these deficiencies cannot be cured by further amendment, the complaint must be dismissed without leave to amend.  *Silva v. Di Vittorio*, 658 F.3d 1090, 1105 (9th Cir. 2011) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (internal quotation marks omitted)); *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").  Further, the dismissal is without prejudice should plaintiff's claims ever ripen to an actual case or controversy arising from an injury due to an actual disclosure of any of his information.

**IV.    Summary**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.

Further, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915A and the Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  April 20, 2017.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

6